This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                    **No. A-1-CA-36130**

**CYNTHIA PACHECO-MAREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}      Defendant Cynthia Pacheco-Marez appeals from her jury trial convictions for possession of methamphetamine, concealing identity, and possession of an open

container. [DS 2; RP 87-92, 94-96] Unpersuaded by Defendant's docketing statement, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded with a memorandum in opposition to our notice. We have considered Defendant's response and remain unpersuaded. We therefore affirm.

{2}     In our notice of proposed disposition, we set forth the jury instructions given in this case, recounted the evidence presented at trial, and proposed to conclude that there was sufficient evidence to support Defendant's convictions. [CN 2-5] In response, Defendant maintains that there was insufficient evidence to support her convictions. [MIO 2-8]

**Possession of Methamphetamine**

{3}     Defendant continues to challenge the sufficiency of the evidence to support her conviction for possession of methamphetamine. [MIO 2-7] Although Defendant acknowledges that Officer Renteria found a small plastic baggie containing a white substance next to Defendant while she was sitting on a curb, Defendant argues that it was equally possible that Defendant's fellow passenger removed the baggie from her person and placed it on the ground. [MIO 1-2, 5-6; *see also* DS 3-4; RP 8] As an appellate court, we do not reweigh the evidence on appeal. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 ("An appellate court does not evaluate the evidence to determine whether some hypothesis could be designed which

is consistent with a finding of innocence. . . . [A reviewing] court does not weigh the evidence and may not substitute its judgment for that of the fact finder so long as there is sufficient evidence to support the verdict."). Additionally, the jury is free to reject Defendant's version of the facts. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829; *see also State v. McGhee*, 1985-NMSC-047, ¶ 17, 103 N.M. 100, 703 P.2d 877 ("The determination of the weight and effect of the evidence, including all reasonable inferences to be drawn from both the direct and circumstantial evidence is a matter reserved for determination by the trier of fact."). Viewing the evidence in the light most favorable to the verdict and disregarding all contrary evidence and inferences, we hold that the evidence was sufficient to support Defendant's conviction for possession of methamphetamine. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (explaining that we indulge all reasonable inferences in favor of the verdict).

**Concealed Identity and Open Container**

{4}     Even though Defendant acknowledges that the State presented evidence that Defendant gave Officer Renteria a false name, false date of birth, and false social security number; the officer learned of Defendant's actual identity through further investigation; and the officer observed Defendant with two open bottles of liquor as she got out of the U-Haul vehicle, Defendant maintains that there is reasonable doubt

that she concealed her identity and had an open container. [MIO 7-8] Viewing the evidence in the light most favorable to the verdicts and disregarding all contrary evidence and inferences, we hold that the State presented sufficient evidence to support Defendant's convictions for concealing her identity and possession of an open container.

{5}     Accordingly, for the reasons stated in this opinion, as well as those provided in our notice of proposed disposition, we affirm.

{6}     **IT IS SO ORDERED.**


_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**JULIE J. VARGAS, Judge**


_____
**STEPHEN G. FRENCH, Judge**

4